UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KETURAH MIXON,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                     Case No. 1:13-cv-843

BRONSON HEALTH CARE
GROUP, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Partial Summary Judgment</u>, (Dkt. #17) and <u>Defendants' Motion to Seal and for Sanctions</u>, (Dkt. #23). A hearing on these matters was scheduled for February 19, 2014, but was later cancelled. The undersigned subsequently determined that a hearing was not necessary. *See* W.D. Mich. LCivR 7.3(d) ("the court may. . .dispose of the motion without argument at the end of the briefing schedule"). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and Defendants' motion be **granted** as described herein.

## BACKGROUND

Plaintiff makes the following allegations in her unverified amended complaint. (Dkt. #22). As of August 8, 2011, Plaintiff was 20 weeks pregnant. On this date, she reported to "Bronson Battle Creek," complaining that she "had been leaking fluid all day, having contractions that were 30 seconds apart, and [was] in active labor." Plaintiff requested that a doctor provide her medical treatment,

"provide an appropriate medical screening examination," and "stabilize all of [her] known emergency medical conditions." Plaintiff's requests were denied and she was discharged approximately 93 minutes after arrival. Upon discharge, Plaintiff was "in active labor, bleeding, leaking fluid, with high blood pressure, and a fever, and still contracting every 30 seconds." The following day, Plaintiff delivered a stillborn child.

Plaintiff has asserted two claims under the Emergency Medical Treatment and Active Labor Act (EMTALA). First, Plaintiff alleges that Defendants violated the "medical screening requirement" requirement articulated in 42 U.S.C. § 1395dd(a), which provides:

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1) of this section) exists.

42 U.S.C. § 1395dd(a).

Plaintiff also alleges that Defendants failed to comply with 42 U.S.C. § 1395dd(b) which provides, in relevant part, that:

> If any individual. . .comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either --
>
> (A)  within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or
>
> (B)  for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

42 U.S.C. § 1395dd(b).

Plaintiff now moves for summary judgment as to her "stabilization claim" asserted pursuant to § 1395dd(b). Defendants oppose Plaintiff's motion and, furthermore, as discussed below, seek to seal certain evidence submitted by Plaintiff and obtain sanctions against Plaintiff.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**     **Plaintiff's Motion for Summary Judgment**

In support of her motion for summary judgment, Plaintiff relies on two items of evidence: (1) one sentence contained within a letter mailed to Plaintiff by defense counsel on December 4, 2013, and (2) several pages of her medical records. (Dkt. #17, Exhibits A-B).

**A.**     **Letter from Defense Counsel**

On September 24, 2013, the Court entered a Case Management Order (CMO). (Dkt. #10). As part of the CMO, the Court scheduled an early settlement conference for December 12, 2013. To facilitate the possibility of settlement, Plaintiff was directed to submit to Defendant "a written itemization of damages and settlement demand." (Dkt. #10 at ¶ 7(b)). Defendants were directed to respond to Plaintiff's settlement demand with "a written offer. . .with a brief explanation of why such

a settlement is appropriate." (Dkt. #10 at ¶ 7(b)). Pursuant to these instructions, defense counsel, on December 4, 2013, mailed to Plaintiff a letter containing the following sentence:

> Regarding your claim about the necessary stabilizing treatment, you have proof that the Bronson staff determined that you had an emergency medical condition and then failed to provide the necessary stabilizing treatment.

(Dkt. #17, Exhibit A).[1]

Plaintiff argues that this language constitutes proof sufficient for her to prevail on her EMTALA stabilization claim. Defendants, however, have submitted evidence that the language quoted above is inaccurate.

Specifically, defense counsel asserts that "within minutes" of transmitting (via email) the aforementioned letter, she realized that "the word 'no' had been omitted from the sentence cited above." Specifically, counsel states that the letter to Plaintiff should have read ". . .you have **no** proof that the Bronson staff determined that you had an emergency medical condition and then failed to provide the necessary stabilizing treatment." While counsel was able to "recall" the emails that she had sent to some of the people involved in this case she was unable to recall the email to Plaintiff. (Dkt. #23, Exhibit B). Counsel states that she immediately revised the letter and emailed a revised copy to Plaintiff. While Defendants have not submitted a copy of the revised letter, they have submitted proof that a "revised letter" was transmitted to Plaintiff at 5:22 p.m. on December 4, 2013, and that such corrected the aforementioned oversight. (Dkt. #23, Exhibits C-D).[2]

---

[1] Plaintiff has redacted the remainder of this letter.

[2] The Court notes that even if the language in question were accurate, the result would be the same. The language in question is vague and non-specific. Moreover, for Defendants to (allegedly) recognize that Plaintiff has evidence in support of her claim hardly equates with the conclusion that Plaintiff is entitled to prevail as a matter of law.

### B. Plaintiff's Medical Records

Plaintiff also relies upon several pages of medical records. (Dkt. #17, Exhibit B). The records in question demonstrate that Plaintiff was examined at "Battle Creek Health System" on August 8, 2011. While Battle Creek Health System is not a defendant in this matter, it appears that these particular records concern the events giving rise to the present action. In their Answer, Defendants admit that Plaintiff was examined at "Bronson Battle Creek Hospital" on August, 8, 2011, between the hours of 2:05 a.m. and 3:37 a.m. (Dkt. #5). The medical records in question appear to correlate to the time period in question. (Dkt. #17, Exhibit B). A review of these medical records does not establish that Plaintiff was experiencing an emergency medical condition when she was examined at Defendant's hospital or that any medical professional at Defendant's hospital determined that Plaintiff was experiencing an emergency medical condition.

As noted above, to prevail on a motion for summary judgment regarding a claim on which she bears the burden at trial, Plaintiff must present evidence "sufficient for the court to hold that no reasonable trier of fact could find other than for [Plaintiff]." Plaintiff "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." As discussed herein, Plaintiff has failed to satisfy her burden. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

### II. Defendants' Motion to Seal

Defendants move the Court to place under seal the inaccurate letter upon which Plaintiff's motion for summary judgment is based. (Dkt. #17, Exhibit A). Considering that Plaintiff has submitted only a portion of the letter, that the portion submitted is not accurate, and, furthermore, that the letter

concerns the parties' attempts to settle this matter, the Court recommends that the exhibit in question be **stricken from the record and removed from the docket**.

**III.        Sanctions**

One day after Plaintiff filed the present motion for summary judgment, defense counsel mailed to Plaintiff a letter requesting that she withdraw the motion as it is based upon the inaccuracy described above. (Dkt. #23, Exhibit D). Plaintiff declined and instead continued to pursue her motion for summary judgment. Defendants now request that the Court impose sanctions on Plaintiff on the ground that the present motion for summary judgment was asserted in bad faith and is based upon inadmissible evidence in violation of Rule 11(b) and Rule 56(h).

Pursuant to Rule 56(h), the Court may impose sanctions where summary judgment is sought based upon evidence submitted in bad faith. Fed. R. Civ. P. 56(h). Sanctions under Rule 56 should not issue for minor transgressions, but instead must be reserved for "egregious" conduct. *TCF Inventory Finance, Inc. v. Northshore Outdoor, Inc.*, 2012 WL 2576367 at *6 (N.D. Ohio, July 3, 2012). Nevertheless, this standard is satisfied where a party seeks summary judgment based upon evidence containing "blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Id.* (citation omitted).

Plaintiff's conduct clearly satisfies this standard. She sought summary judgment based almost exclusively upon evidence which she knew to be false and inaccurate. The Court finds that such constitutes bad faith and justifies the imposition of sanctions. While the Court has the discretion to sanction Plaintiff in an amount equal to the reasonable expenses, including attorney's fees, incurred in responding to Plaintiff's frivolous motion for summary judgment, *see* Fed. R. Civ. P. 56(h), the Court

finds that such a sanction, while not unwarranted, would be excessive under the circumstances. Instead, the Court recommends that Plaintiff be sanctioned two-hundred fifty dollars ($250.00) and that such be paid to Defendants. The Court, furthermore, cautions Plaintiff that similar behavior in the future may result in even greater sanctions, including the dismissal of her claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Partial Summary Judgment</u>, (Dkt. #17), be **denied**. The undersigned further recommends that <u>Defendants' Motion to Seal and for Sanctions</u>, (Dkt. #23), be **granted**. Specifically, the undersigned recommends that Docket Entry #17, Exhibit A be stricken from the record and removed from the docket and, furthermore, that Plaintiff pay to Defendants, no later than thirty (30) days from the date of the adoption of this recommendation, two-hundred fifty dollars ($250.00) as sanction for seeking summary judgment based upon evidence submitted in bad faith. The undersigned further recommends that should Plaintiff fail to timely pay this amount that Plaintiff's action be dismissed for failure to comply with the Court's Orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 27, 2014            /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge