UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETURAH MIXON,

    Plaintiff,

v.

BRONSON HEALTH CARE GROUP, INC.,
et al.,

    Defendants.
_____/

Case No. 1:13-cv-843

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court is Defendants' Motion for Sanctions (ECF No. 120), to which Plaintiff filed a Response in opposition (ECF No. 126). Plaintiff also filed a "Motion to Set Aside Final Order and to Vacate Judgment for Fraud Upon the Court F.R.C.P. 60(d)(3) and Motion to Reopen Case, and to Strike Defendants Medical Expert Witnesses and their Alleged Evidence and to Rule in her Favor in Accordance with F.R.C.P. 37 and Rule 26" (ECF No. 125), to which Defendants did not respond. For the reasons that follow, Plaintiff's motion is properly denied and Defendants' motion for sanctions is properly granted.

### I. BACKGROUND

This litigation began nearly four years ago in August 2013, when Plaintiff, proceeding pro se, sued Defendants Bronson Battle Creek Hospital and Bronson Health Care Group, Inc., under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. This Court entered a Judgment in Defendants' favor on March 31, 2015 (ECF No. 110). Plaintiff did not appeal this Court's Judgment.

Plaintiff subsequently filed a "Motion to Set Aside Final Order and Motion to Reopen and Reconsider Case, Relief from Final Order and Request to Return to Active Docket" (ECF No. 111), which this Court denied on April 21, 2016 (Order, ECF No. 115). Defendants had requested sanctions in their response to Plaintiff's first post-Judgment motion, but this Court determined that Plaintiff's timely attempt to seek post-Judgment relief did not merit sanctions (*id.* at PageID.1210).

On September 26, 2016, Plaintiff filed a second post-Judgment motion: a "Motion to Set Aside Final Order and to Vacate Judgment for Fraud upon the Court F.R.C.P. 60(d)(3) and Motion to Reopen Case" (ECF No. 116). Defendants filed a response in opposition (ECF No. 117). Further, on November 16, 2016, consistent with the "safe harbor" provision in Fed. R. Civ. P. 11(c)(2), Defendants served Plaintiff with a copy of their motion for sanctions, requesting that she voluntarily withdraw her second post-Judgment motion (ECF No. 120-1 at PageID.1284). On November 22, 2016, this Court denied Plaintiff's second post-Judgment motion (Order, ECF No. 119).

On January 5, 2017, Defendants filed their motion for sanctions, requesting (a) their actual costs and attorney fees incurred as a consequence of Plaintiff's second post-Judgment motion; (b) a monetary penalty to be paid to the Court in the amount deemed sufficient to deter Plaintiff from repeating her conduct; and (c) an order that Plaintiff may not file additional pleadings or motions in this Court without first requesting the Court's permission and allowing Defendants to make no response unless requested by the Court (ECF No. 120 at PageID.1282).

On January 23, 2017, Plaintiff filed a response in opposition to Defendants' motion for sanctions, opining the following:

> **I WILL NOT EVER WITHDRAW MY MOTION AS I AM OPERTING [sic] WITHIN THE LAW, AND WITHIN MY RIGHTS. I WILL FIGHT YOU ON THIS CASE UNTIL I WIN. YOU ARE FRAUDULENT LIARS AND I WILL NOT STOP FIGHTING THIS CASE UNTIL I PROVE YOUR**

> **FRAUDULENCE AND WIN THIS CASE. ACCORDING TO THE FEDERAL RULES OF CIVIL PROCEDURES 60, THERE IS NO TIME LIMIT IN BRINGING A MOTION TO PROVE YOUR FRAUD THAT HAS BEEN COMMITTED IN THIS CASE. YOU ARE TRYING TO BLACKMAIL ME INTO NOT OPERATING UNDER MY RIGHTS. I AM CONTEMPLATING SUING YOUR LAW FIRM DUE TO YOUR ILLEGAL BEHAVIOR. ALSO, I MOTION THE COURTS TO SANCTION YOU FOR THIS BEHAVIOR, AND I ASK THE COURTS TO NOT SANCTION ME, AS I AM FULLY OPERATING UNDER MY GOD GIVEN RIGHTS.**

(ECF No. 126 at PageID.1362).

That same day, Plaintiff also filed a third post-Judgment motion, the instant "Motion to Set Aside Final Order and to Vacate Judgment for Fraud Upon the Court F.R.C.P. 60(d)(3) and Motion to Reopen Case, and to Strike Defendants Medical Expert Witnesses and their Alleged Evidence and to Rule in her Favor in Accordance with F.R.C.P. 37 and Rule 26" (ECF No. 125). Defendants did not file a response to Plaintiff's third post-Judgment motion.

## II. ANALYSIS

### A. Plaintiff's Third Post-Judgment Motion

Plaintiff's third post-Judgment motion is nearly a verbatim reiteration of her two prior post-Judgment motions, which were based on Plaintiff's subjective beliefs that a fraud was committed on the Court. Like her prior two motions, Plaintiff's current submission fails to state a cognizable claim under FED. R. CIV. P. 60 and cannot afford her the relief she seeks.

Moreover, Plaintiff's motion seeking relief from the Judgment in this case is untimely. A motion under Rule 60(b)(3) must be brought within one year of the entry of the Judgment. *See* FED. R. CIV. P. 60(c)(1). Plaintiff's January 23, 2017 motion was not brought within one year of the March 31, 2015 Judgment in this case.

For these reasons, Plaintiff's motion is properly denied.

**B. Defendants' Motion for Sanctions**

Further, the Court will grant in part and deny in part Defendants' motion for sanctions. Defendants seek sanctions under FED. R. CIV. P. 11, which applies primarily to pleadings and papers filed in the court. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510, 517 (6th Cir. 2002). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta*, 307 F.3d at 510, 517; FED. R. CIV. P. 11(b)(1)-(4). To succeed on a motion for sanctions under the rule, the movant must show that the offending party engaged in "objectively unreasonable conduct." *Id.*

"Pro se litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Stevens v. Mooney*, 81 F.3d 161, at *1 (6th Cir. 1996). However, Plaintiff's pro se status and the absence of legal advice are appropriate factors to be considered as special circumstances when determining if Rule 11 has been violated. *See Spurlock v. Demby*, 48 F.3d 1219, at *2 (6th Cir. 1995); *Booker v. Buckley*, 810 F.2d 199, at *1 (6th Cir. 1986).

Here, where the Court has repeatedly rejected Plaintiff's fraud claim, she is clearly on notice that the argument is not well grounded in fact or based on a plausible view of the law. Further, Plaintiff's quest for the Court to review the proofs another time in this 2013 case is an improper purpose for filing her motions. Plaintiff's conduct is not objectively reasonable under the circumstances. Accordingly, in its discretion, the Court will sanction Plaintiff to limit the risk

of future filing abuse in this case. *See, e.g., Mullins v. Mester*, 928 F.2d 405, at *1 (6th Cir. 1991) (affirming the district court's imposition of sanctions on pro se litigant where his pleading was not well grounded in fact or based on a plausible view of the law, and it appeared that he "may have filed this action for purposes of harassment"); *Woolum v. Seabold*, 902 F.2d 1570, at *1 (6th Cir. 1990) (affirming the district court's imposition of sanctions on pro se litigant where his filing of "exactly the same claim a third time was not objectively reasonable").

Defendants request (a) their actual costs and attorney fees incurred as a consequence of Plaintiff's second post-Judgment motion; (b) a monetary penalty to be paid to the Court; and (c) an order that Plaintiff may not file additional pleadings or motions in this Court without first requesting the Court's permission and allowing Defendants to make no response unless requested by the Court.

In *Jackson v. Law Firm*, 875 F.2d 1224, 1229-30 (6th Cir.1989), the Sixth Circuit set forth four factors to be considered when crafting sanctions under Rule 11. *Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992). The first and most important factor is deterrence. *Id.* Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion; however, these first two factors must be balanced. *Id.* Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. *Id.* "The central purpose of Rule 11 sanctions is deterrence, not compensation." *Williams v. Supreme Court of Kentucky*, 914 F.2d 259, at *3 (6th Cir. 1990). The third factor is mitigation. *Danvers, supra.* The moving party must mitigate its expenses by not expending useless effort on frivolous actions. *Id.* Finally, there must be a consideration of the sanctioned party's ability to

pay. The idea is not to bankrupt an attorney—or, as here, a pro se litigant—but to deter her from repeating the conduct prohibited by Rule 11. *Id.*

Here, the Court will impose a sanction upon Plaintiff under Rule 11(c) in the form of a penalty payable to the Court of $500.00. Additionally, the Court will direct that Plaintiff is not permitted to file any new motion in this case without leave of the Court and before paying the sanction in full. Although Defendants will not be compensated for responding to Plaintiff's second post-Judgment motion, the Court determines that the *minimum* sanction necessary to deter Plaintiff from future filing abuses is a monetary penalty and restriction on future filings. *See Williams*, 914 F.2d 259, at *3 ("[T]he sanction levied need not invariably include an order to pay the other party's actual expenses."); 5A Fed. Prac. & Proc. Civ. § 1336.3 ("Types of Rule 11 Sanctions") (3d ed.) (observing that the Advisory Committee Note accompanying the 1993 amendment states that monetary penalties "should ordinarily be paid into the court" except under "unusual circumstances" when they should be given to the opposing party).

Last, as noted, Federal Rule of Civil Procedure 11 requires that a pro se plaintiff sign any document submitted to the Court as certification that the document is not being submitted for an improper purpose and that the document's legal claims and factual allegations are warranted. Any future filings by Plaintiff therefore inherently include the risk of future sanctions, including additional monetary penalties.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Set Aside Final Order and to Vacate Judgment for Fraud Upon the Court F.R.C.P. 60(d)(3) and Motion to Reopen Case, and to Strike Defendants Medical Expert Witnesses and their Alleged Evidence and to Rule in her Favor in Accordance with F.R.C.P. 37 and Rule 26" (ECF No. 125) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (ECF No. 120) is GRANTED IN PART and DENIED IN PART; specifically, sanctions are imposed against Plaintiff in the amount of $500.00 payable to the Court not later than June 30, 2017. Plaintiff is RESTRICTED from filing any additional motion in this case until the sanction is paid in full.

**IT IS FURTHER ORDERED** that Plaintiff is RESTRICTED from filing any additional motion in this case without first obtaining leave of the Court. <u>Filing a motion without leave of the Court may expose Plaintiff to further sanctions</u>. In seeking leave to file, Plaintiff must certify that (1) the argument she wishes to present is a new argument not previously considered by the Court; and (2) the new argument is not frivolous, untimely or taken in bad faith. Failure to strictly comply with these terms will be sufficient grounds for the Court to summarily deny Plaintiff leave to file.

**IT IS FURTHER ORDERED** that Defendants are relieved of their responsibility to answer any additional motion filed by Plaintiff in this case until further Order of the Court.


Dated: June 7, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge